UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

JS 6

| Case No. | CV 11-6910 DSF (PLAx) | Date | 9/19/11 |
|---|---|---|---|
| Title | Edward Padilla v. JPMorgan Chase Bank, N.A., et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|
| Debra Plato | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   (In Chambers) Order REMANDING Case to Superior Court of California, County of Los Angeles for Lack of Subject Matter Jurisdiction

Defendant JPMorgan Chase Bank, N.A. removed this case on the basis of diversity jurisdiction. Plaintiff is a citizen of California and Defendant Quality Loan Service Corporation is a California corporation. JPMorgan claims that Quality's citizenship should be disregarded because Quality is fraudulently joined.

Joinder is fraudulent where it is obvious under settled state law that the plaintiff cannot make out a cause of action against the defendant. McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). The standard is not "whether the plaintiff will actually or even probably prevail on the merits," but whether there is a "possibility" he may do so. Dodson v. Spiliada Maritime Corp., 951 F.2d 40, 42 (5th Cir. 1992). The removal statute is strictly construed against removal jurisdiction, and any doubt is resolved in favor of remand. Boggs v. Lewis, 863 F.2d 662, 663 (9th Cir. 1988).

JPMorgan's argument is premised on the assertion that the only claim alleged against Quality is for a violation of California Civil Code § 2924.8(a). (See Not. of Removal ¶ 13(c).) Its argument fails because it is not clear that this assertion is accurate. (See Am. Compl. ¶¶ 70, 71, 96.) But even if the Court were to accept JPMorgan's premise, its fraudulent joinder argument still fails. JPMorgan argues that Quality is not liable for a violation of § 2924.8(a) because of deficient allegations, not that Quality could never be liable under the statute according to the settled law of the state. JPMorgan does not argue that it is legally impossible for Plaintiff to state a claim against Quality; it

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

JS 6

argues only that he has not pleaded certain facts and is unlikely to be able to do so.

JPMorgan also argues that because Quality was acting as an agent of JPMorgan, Quality cannot be liable for any of the claims brought in the complaint. (See Not. of Removal ¶ 13(d), (e).) Unlike the defendant in the case cited, JPMorgan has not established that Quality cannot be held liable for the violations of California law alleged in the complaint. Cf. Mercado v. Allstate Ins. Co., 340 F.3d 824, 826 (9th Cir. 2003) (evaluating whether employee can be held personally liable for actions taken for benefit of employer); see also Kachlon v. Markowitz, 168 Cal. App. 4th 316, 343-44 (2008) (foreclosure trustee can be liable for certain errors in foreclosure process if it acts with "malice" or "wanton and reckless disregard of the consequences and of the rights and of the feelings of others"). It may be that California law bars recovery against a foreclosure trustee for the violations alleged – the Court expresses no opinion on this – but JPMorgan has not established that foreclosure trustees are protected from such suits.

The case is REMANDED to the Superior Court of California, County of Los Angeles.

IT IS SO ORDERED.